**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Galvan, | No. CV-22-01480-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Union Insurance Company, *et al.*, | |
| Defendants. | |

At issue is Defendant Union Insurance Company's Motion to Dismiss for Failure to State a Claim (Doc. 10, MTD). Plaintiff Miguel Galvan filed a Response (Doc. 13, Resp.) to which Defendant filed a Reply (Doc. 14, Reply). The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court grants in part Defendant's Motion to Dismiss with leave to amend the First Amended Complaint if Plaintiff can cure the deficiencies noted (Doc. 8, FAC).

## I.    BACKGROUND

In the FAC, the operative pleading,[1] Plaintiff alleges the following facts. Plaintiff held a Union policy which included Uninsured/Underinsured Motorist (UIM) Coverage of $1,000,000.00 per accident. (FAC ¶ 10.) Plaintiff's premiums were paid in full. (FAC ¶ 10.) On or about July 27, 2020, a third-party driver, Jeffrey Taylor, collided with the driver's side of Plaintiff's vehicle. (FAC ¶ 11.) To compensate for Plaintiff's injuries,

---

[1] Plaintiff filed the FAC on September 12, 2022, twelve days after Defendant removed the case from state court.

1    Taylor's insurer, Root Insurance Company, paid Plaintiff the insured's liability policy limit

2    of $15,000.00. (FAC ¶ 16.) Plaintiff alleges his medical expenses alone totaled $41,238.89

3    and he is left with a deficit of $17,092.74.[2] (FAC ¶¶ 16, 19.)

4        To cover the deficit, Plaintiff filed a UIM claim with Defendant, his insurance

5    provider. (FAC ¶ 17.) On July 21, 2021, Defendant offered Plaintiff $27,132.00 to settle

6    the claim, and Plaintiff responded by requesting a breakdown of the offer. (FAC ¶ 18.)

7    Plaintiff states that he received a response without the requested breakdown on August 13,

8    2021 and thereafter signed medical authorizations for Defendant. (FAC ¶¶ 21, 22.) Plaintiff

9    alleges continuous delay after this point, waiting for Defendant to procure medical records

10   and respond to the initial inquiry into the settlement offer. (FAC ¶¶ 22–25.) In April 2022,

11   the parties communicated regarding a deposition, examination under oath, and independent

12   medical evaluation. (FAC ¶¶ 26–28.) Defendant conducted the examination under oath in

13   May 2022, but the medical evaluation was never scheduled. (FAC ¶¶ 30, 31.)

14       Plaintiff has not yet been compensated under his UIM coverage. (FAC ¶ 36.) In the

15   FAC, Plaintiff alleges breach of contract (Count 1), breach of the duty of good faith and

16   fair dealing (Count 2), unfair trade practices under A.R.S. § 20-442 (Count 3), and unfair

17   claim settlement practices under A.R.S. § 20-461 (Count 4). Defendant now moves to

18   dismiss the Complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6). (MTD

19   at 3.)

20   **II.    LEGAL STANDARD**

21       Rule 12(b)(6) is designed to "test[] the legal sufficiency of a claim." *Navarro v.*

22   *Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to

23   state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) the

24   absence of sufficient factual allegations to support a cognizable legal theory. *Balistreri v.*

25   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When analyzing a complaint for

26   failure to state a claim, the well-pled factual allegations are taken as true and construed in

27   the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067

28   _____
     [2] As Defendant has noted, Plaintiff's calculation of the deficit owed does not add up with
     the expenses incurred. However, these are costs to be determined in discovery.

- 2 -

1    (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is

2    plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

3    facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4    reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

5    *Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility

6    standard is not akin to a 'probability requirement,' but it asks for more than a sheer

7    possibility that a defendant has acted unlawfully." *Id.*

8         "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed

9    factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief

10   requires more than labels and conclusions, and a formulaic recitation of the elements of a

11   cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted).

12   Legal conclusions couched as factual allegations are not entitled to the assumption of truth

13   and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*,

14   556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a

15   savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote

16   and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236

17   (1974)).

18   **III.   ANALYSIS**

19        **A.    Count 1: Breach of Contract**

20        In the FAC, Plaintiff alleges that Defendant failed to pay him (FAC ¶ 36) and "failed

21   to honor its obligation under the insurance policy" by unfairly evaluating the claim and

22   causing needless delay in its resolution (FAC ¶ 44). Defendant argues that Plaintiff has not

23   pleaded sufficient facts to show damages, especially since Defendant made him a

24   settlement offer. (MTD at 5.) However, an inquiry into the sufficiency of Defendant's offer

25   goes beyond the analysis required at this stage.

26        Under Arizona law, a breach of contract claim requires a plaintiff to show (1) a

27   contract, (2) a breach, and (3) damages. *Thunderbird Metallurgical, Inc. v. Ariz. Testing*

28   *Lab*, 423 P.2d 124, 126 (Ariz. 1967). Plaintiff has alleged the existence of a contract: the

1    valid insurance policy. Plaintiff has also set forth facts to plead a breach—namely, that

2    Defendant owed Plaintiff compensation under the policy and paid him nothing. The

3    damages are the deficit Plaintiff claims Defendant owes him. Plaintiff has pleaded

4    sufficient facts that, if true, would prove liability. The Court will not dismiss Count 1.

5                    **B.      Count 2: Breach of Duty of Good Faith and Fair Dealing**

6            Second, Plaintiff contends that Defendant has breached the implied covenant of

7    good faith and fair dealing. Every contract implies a duty of good faith. Restatement

8    (Second) of Contracts § 205 (1981). In insurance contracts, good faith means "more than

9    the company's bare promise to pay certain claims when forced to do so; implicit in the

10   contract and the relationship is the insurer's obligation to play fairly with its insured."

11   *Rawlings v. Apodaca*, 726 P.2d 565, 570 (Ariz. 1986). Plaintiff claims that Defendant

12   breached this covenant by failing to fairly evaluate the claim in the initial offer, fairly

13   compensate Plaintiff, or answer Plaintiff's inquiries, delaying the settlement of the claim.

14   (FAC ¶¶ 53–56.)

15           Defendant first argues that it did not act in bad faith because it offered to fully

16   compensate Plaintiff for the damages he is entitled to and demanded.[3] (MTD at 7–9.) However,

17   Plaintiff has pleaded sufficient facts to establish that Defendant acted in bad faith if true;

18   additional facts about the Defendant's offer fall outside the scope of a motion to dismiss.

19           Defendant also argues that Plaintiff has inadequately pleaded damages resulting

20   from the Defendant's alleged bad faith. (MTD at 8.) Indeed, Plaintiff only alleges that

21   Defendant's bad faith conduct caused him "anxiety, worry, mental and emotional distress,

22   fear, feelings of hopelessness, insecurity, and other damages to be proven at trial." (FAC

23   ¶ 60.) A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further

24   factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

25

26   [3] Defendant asks the Court to take judicial notice of the Demand (MTD Ex. A), arguing
     that it is an integral part of the Complaint. (MTD at 2 n.1.) In assessing a motion to dismiss,
27   the Court may take judicial notice of an extrinsic document when "the document's
     authenticity is not contested, and the plaintiff's complaint necessarily relies on the
28   document." *Spina v. Maricopa Ctny. Dep't of Transp.*, 2007 WL 4168438, at *2 (D. Ariz
     Nov. 20, 2007). Here, the allegations do not rest on the Demand or Offer. Therefore, the
     Court declines to take judicial notice of the Demand.

1  Defendant is correct that these statements are too conclusory to lead to the plausible

2  inference that Plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). But because Plaintiff

3  may be able to cure this defect in the FAC by amendment, the Court will grant Plaintiff

4  leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000).

5  In the FAC, Plaintiff also prays for punitive damages. (FAC ¶ 61.) Plaintiff alleges

6  that Defendant acted with and evil mind— that is, with conscious disregard for Plaintiff's

7  rights and intent to harm Plaintiff. (FAC ¶ 61.) Punitive damages are recoverable when

8  "defendant's motives are shown to be so improper, *or* its conduct so oppressive,

9  outrageous, or intolerable that such an 'evil mind' may be inferred." *Rawlings*, 726 P.2d at

10  578–79 (citing Restatement (Second) of Torts § 908(2)). "Even if the defendant's conduct

11  was not outrageous, a jury may infer evil mind if defendant deliberately continued his

12  actions despite the inevitable or highly probable harm that would follow." *Gurule v. Illinois*

13  *Mut. Life and Cas. Co.*, 734 P.2d 85, 87 (Ariz. 1987) (citations omitted).

14  Defendant argues that Plaintiff has not pleaded sufficient facts to establish that it

15  acted with the requisite evil mind. (MTD at 8.) The Court agrees. While Plaintiff has

16  pleaded facts that plausibly show a breach of the duty of good faith, the facts do not allow

17  the Court to draw a reasonable inference that Defendant acted with an evil mind. The

18  conduct alleged does not appear so outrageous, oppressive, or intolerable to reflect intent

19  to harm or even conscious disregard, or that Defendant acted against some highly probable

20  harm. Plaintiff will again have leave to amend if he can cure this defect. *See Lopez*, 203

21  F.3d at 1127–30.

22  **C.    Count 3: Unfair Trade Practices**

23  Next, Plaintiff alleges that Defendant has engaged in unfair trade practices in

24  violation of A.R.S. § 20-442, which prohibits certain unfair or deceptive acts in the

25  business of insurance. (FAC ¶ 66.) Plaintiff states that Defendant has delayed the case to a

26  degree that constitutes this kind of unfair practice. (FAC ¶ 68.) In its Motion, Defendant

27  argues that Plaintiff's allegations of "needless delay" do not constitute an unfair trade

28  practice under the statute. (MTD at 11.)

The Court agrees that Plaintiff has not demonstrated a legally cognizable theory behind this claim or provided any authority to show the alleged delay constitutes an unfair trade practice under A.R.S. § 20-442. Without any supporting legal authority, the Court cannot conclude Plaintiff's claim is viable. The Court also notes that Plaintiff's descriptions of the delay are very similar to the facts alleging bad faith, and this claim therefore appears redundant.[4] For these reasons, the Court will dismiss Count 3 with prejudice.

### D.     Count 4: Unfair Claim Settlement Practices

Finally, Plaintiff alleges unfair claim settlement practices under A.R.S. § 20-461. Plaintiff contends that by failing to communicate, delaying resolution of the claim in procuring medical records and scheduling a medical evaluation, refusing to elaborate on the investigation, and failing to pay Plaintiff the benefits owed, Defendant has violated the statute. (FAC ¶¶ 74–77.) A.R.S. § 20-461 outlines actions that violate the law if implemented as general business practice. Defendant argues that this statute does not create a private cause of action and, in fact, explicitly rejects one. (MTD at 12.)

Defendant is correct. The statute states: "Nothing contained in this section is intended to provide any private right or cause of action to or on behalf of any insured or uninsured resident or nonresident of this state. It is, however, the specific intent of this section to provide solely an administrative remedy . . . ." A.R.S. § 20-461(D). Arizona case law confirms that "[t]he Act states that its provisions do not create a private right or cause of action. The legislative intent for enacting the Act is stated to provide 'solely an administrative remedy' for any violation of the Act or any rule related to the Act." *Melancon v. USAA Cas. Ins. Co.*, 849 P.2d 1374, 1377 (Ariz. Ct. App. 1992). Therefore, Plaintiff's claim is not based on a cognizable legal theory.[5] The Court will dismiss Count 4 with prejudice.

---

[4] Moreover, Plaintiff failed to address Defendant's arguments on this point in the Response brief, thereby conceding the claim. *See Jenkins v. Cnty. of Riverside*, 298 F.3d 1093, 1095 n.4 (9th Cir. 2005) ("Jenkins abandoned her other two claims by not raising them in opposition to the County's motion for summary judgment.").

[5] Again, Plaintiff failed to address Defendant's arguments on this point. *See Jenkins*, 281 F.3d at 1095 n.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant's Motion to Dismiss (Doc. 10). Counts 3 and 4 are dismissed with prejudice.

**IT IS FURTHER ORDERED** granting Plaintiff leave to amend the First Amended Complaint (Doc. 8) if Plaintiff can cure the defects in Count 2 identified in this Order. Plaintiff shall file any Second Amended Complaint by February 24, 2023.

Dated this 8th day of February, 2023.

_____
Honorable John J. Tuchi
United States District Judge